# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME C. RAYMOND )<br>Plaintiff, )<br>vs. )<br>)<br>ARENA FOOTBALL ONE LLC d/b/a )<br>ARENA FOOTBALL LEAGUE )<br>)<br>AND )<br>)<br>LINCOLN HOLDINGS LLC d/b/a )<br>MONUMENTAL SPORTS & )<br>ENTERTAINMENT )<br>Defendants. )<br>_____ ) | Case No.: 19-1423 |

## COMPLAINT

Plaintiff, Jerome Raymond hereby files this Complaint against Defendants Arena Football One LLC d/b/a Arena Football League and Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment (collectively "Defendants"), and respectfully shows this Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Jerome C. Raymond is a resident of Georgia.

2.

Upon information and belief, Defendant Arena Football One LLC d/b/a Arena Football League (AFL) has done business in this district at all times material hereto. Upon information and belief, no member of AFL has the State of Georgia as their citizenship.

1

3.

Upon information and belief, Lincoln Holdings LLC d/b/a Monumental Sports & Entertainment (MSE) has done business in this district at all times material hereto.  Upon information and belief, no member of MSE has the State of Georgia as their citizenship.

4.

This is an action for back wages and overtime and retaliation arising under the Fair Labor Standards Act and wages laws of the United States, 29 U.S.C. §§ 201 to 209, *et seq.*

5.

Subject matter jurisdiction in this Court is proper under 28 U.S.C. § 1331.  Subject matter jurisdiction also is proper pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000 and is between "citizens of different states".  State claims asserted herein are properly joined in the above-captioned matter because they arise out of the same controversy and same set of operative facts. Among other things, the action arises from the Defendants' failure to pay Raymond, retaliation, and wrongful eviction.

6.

Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred within this District and the Defendants are subject to the Court's personal jurisdiction.

**FACTUAL BACKGROUND**

7.

AFL operates a professional indoor football ("arena football") league.

8.

The Washington Valor is a professional arena football team that is based in Washington, D.C. that plays for the AFL.  The Washington Valor is owned by MSE and AFL.

2

9.

On or about February 2017, AFL and MSE contacted Raymond and invited him to attend a 2017 training camp for their Washington Valor team.

10.

On or about March 12, 2017, AFL and MSE flew Raymond to Washington, D.C. to attend the two-week 2017 training camp for the Washington Valor team.   Raymond was informed that the training camp was to try-out for the 2017 Washington Valor team.

11.

AFL and MSE provided hotel lodging during the training camp.  After the training camp, on or about March 31, 2017, Raymond initially was informed that he was not chosen to be part of the 2017 Washington Valor team.

12.

However, about one week later, on or about April 6, 2017, Raymond was asked by Benji McDowell of MSE and AFL to return to be a part of the Washington Valor team due to a shortage of players due to injury. Plaintiff was told by MSE and AFL that he would be paid $700/week as an inactive player or $1200/week as an active player for the 2017 season.

13.

When Raymond was asked to be a part of the team, he was not told that he would not be compensated and at all time Raymond thought that he would be compensated.

14.

Consistent with being a part of the Washington Valor team, Defendants housed Raymond in team housing with other Washington Valor players and other Washington Valor employees providing Raymond with a key for access to the housing to reside.

15.

Raymond also was provided free meals and travel to/from practices, team events and appearances by Defendants.

16.

Importantly, Raymond services, work, and/or employee duties included participating full-time in all team activities in Maryland and Washington, D.C. including attending all practices, meetings, games, team events, and team appearances.  During practices, Raymond, among other things, participated in drills, conditioning, strength training, helped the team run plays to prepare for games, and watched film.

17.

During one particular game, Raymond was given special permission by AFL and MSE during half-time to propose to his fiancé.  Raymond spent weeks planning this engagement with MSE and AFL staff, Brian Gleason, and during the proposal, Raymond (and his fiancée) was announced as being part of the Washington Valor team by MSE and AFL.

18.

For all practical and appearance purposes, Raymond was part of the team and an employee of AFL and MSE.  Raymond worked for AFL and MSE full-time from about April 6, 2017 until about May 31, 2017, when Raymond was illegally evicted from the team apartment without notice and fired from the team by AFL and MSE.

19.

Raymond was never compensated for his work as set forth above for AFL and MSE. Despite being notified of its nonpayment of wages to Raymond, AFL and MSE have willfully refused to pay Raymond for his work.  Instead, as result of Raymond's complaint of nonpayment

of wages to Defendants, AFL and MSE illegally evicted Raymond from the team apartment without notice and fired him from the team.

20.

Because of his full-time commitment to AFL and MSE, Raymond was not able to work for anyone else. AFL and MSE intentionally interfered with Raymond's ability to try out for other teams in the league by promising to pay Raymond for his participation with the Washington Valor and then firing him after it was too late to try out for other teams.

**COUNT ONE**
**FAIR LABOR STANDARDS ACT (FLSA) - UNPAID WAGES AND OVERTIME WAGES AND RETALIATION**

21.

Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

22.

Raymond was an employee and AFL and MSE were employees pursuant to the relevant federal statutes.

23.

Defendants failed to pay Raymond his regular hourly wages.

24.

Defendants also failed to pay Raymond overtime wages.

25.

Defendants also retaliated against Raymond by wrongfully evicting and firing Raymond when Raymond complained about not being paid.

26.

Due to Defendants' violations of the relevant federal laws, Raymond is entitled to employment, reinstatement, lost wages, and an additional equal amount as liquidated damages. Raymond also is entitled to recover from Defendants all of the wages due him for hours worked at his regular rate of pay and unpaid overtime wages, reasonable attorneys' fees, costs, penalties, liquidated damages, and pre-judgment and post-judgment interest. In light of Defendants' longstanding and ongoing violations of applicable regulations, Raymond also seeks injunctive relief precluding Defendants from continued violations of these laws and affirmatively mandating their compliance with the provisions of the relevant federal laws.

27.

Defendants' failure to comply with the relevant federal laws caused Plaintiffs to suffer loss of wages and interest thereon.

28.

Defendants' failure to comply with the relevant federal laws was willful.

## COUNT TWO
## BREACH OF ORAL EMPLOYMENT CONTRACT

29.

Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

30.

Plaintiff and Defendants entered into an oral employment agreement where Defendants agreed to pay Raymond $700/week as an inactive player and $1200/week as an active player for the 2017 season in exchange for participating in all team activities including attending all practices, meetings, games, team events, and team appearances ("Agreement").

31.

Plaintiff performed all the conditions of the Agreement.

32.

Defendant breached the contract by willfully failing to pay Plaintiff for worked performed and prematurely and unjustifiably firing Plaintiff.

33.

Plaintiff has no adequate remedy at law for breach of the Agreement.

34.

Defendants should specifically perform all of its financial and other obligations under the Agreement.

35.

In the alternative, Plaintiff has been damaged due to Defendant's willful failure to pay Plaintiff the appropriate agreed upon wages in an amount to be determined at trial.

36.

Plaintiff also is entitled to costs of the action and a reasonable attorney's fee.

### COUNT THREE
### UNJUST ENRICHMENT

37.

Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

38.

Plaintiff conferred the benefits of his services to Defendants but was not compensated fully for his services.

39.

Defendants accepted Plaintiff's services and unjustly benefitted (including but not limited to increasing their profit and personal compensation) from Plaintiff's services by willfully not paying Plaintiff all wages and overtime due for his services.

40.

Plaintiff is entitled to relief to Defendants' unjust enrichment in an amount equal to benefits unjustly retained by Defendants, plus interest on these amounts.

41.

Plaintiff also is entitled to costs of the action and a reasonable attorney's fee.

## COUNT FOUR
## STATE LAW - UNPAID WAGES AND OVERTIME WAGES

42.

Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

43.

Raymond was an employee and AFL and MSE were employers pursuant to the relevant state statutes.

44.

Defendants failed to pay Raymond his regular hourly wages.

45.

Defendants also failed to pay Raymond overtime wages.

46.

Defendants also retaliated against Raymond by wrongfully evicting and firing Raymond when Raymond complained about not being paid.

47.

Due to Defendants' violations of the relevant state laws, Raymond is entitled to recover from Defendants all of the wages due him for hours worked at his regular rate of pay and unpaid overtime wages, reasonable attorneys' fees, costs, penalties, liquidated damages, pre-judgment and post-judgment interest and any equitable remedies.

48.

Defendants' failure to comply with the relevant state laws caused Plaintiffs to suffer loss of wages and interest thereon.

49.

Defendants' failure to comply with the relevant state laws was willful.

## COUNT FIVE
## UNFAIR BUSINESS PRACTICES

50.

Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

51.

Defendants' acts (e.g., nonpayment of wages, nonpayment of overtime, retaliation, etc.) constitute unlawful, unfair, and/or fraudulent business practices pursuant to the applicable state laws.

52.

Defendants' failure to comply with the relevant state laws caused Plaintiffs to suffer loss of wages and interest thereon.

53.

Plaintiff is entitled to damages or restitution and any equitable remedies for the unpaid wages, unpaid overtime, and retaliation as set forth above and punitive damages.

**COUNT SIX**
**PROMISSORY ESTOPPEL**

54.

Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

55.

Defendants promised to pay Raymond $700/week as an inactive player and $1200/week as an active player for the 2017 season in exchange for participating in all team activities including attending all practices, meetings, games, team events, and team appearances.

56.

The Defendants' promise to pay is unambiguous.

57.

Plaintiff relied to his detriment on the promise.

58.

Plaintiff's reliance upon the promise was expected and foreseeable.

59.

Plaintiff relied upon the promise to his detriment in that, among other things, Plaintiff did not try out for any other teams in the league and lost other opportunities.

60.

Plaintiff was damaged in an amount to be determined at trial.

**COUNT SEVEN**
**WRONGFUL EVICTION**

61.

Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 20 above.

62.

Defendants housed Raymond in team housing with other Washington Valor players and other Washington Valor employees providing Raymond with a key for access to the housing to reside.

63.

Unexpectedly and without notice, Defendants ordered Plaintiff to vacate the property.

64.

Plaintiff was damaged by Defendants wrongful eviction in an amount to be determined at trial.

65.

Plaintiff also is entitled to costs of the action and a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a)     trial by jury on all issues so triable as of right;

(b)     judgment against Defendants awarding fair and reasonable damages including general damages, special damages, and punitive damages, as allowed by law;

(c)     declaratory and injunctive relief;

(d)     costs of this action, including interest and reasonable attorneys fees; and

(e)     such other and further relief as this Court deems just and fair.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable as of right and plead in this case.

## [SIGNATURE BLOCK ON FOLLOWING PAGE]

Date:  May 15, 2019

Respectfully submitted,

/s/ Revée M. Walters
Revée M. Walters (Bar No. 1012295)
Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, MD 20814
(240) 507-1768
rwalters@offitkurman.com
*Counsel for Plaintiff*